IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLORIA MARIA MONTOYA SANTIAGO (RAMIREZ), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 25-398 (MN) |
| STATE OF MARYLAND GOVERNOR'S OFFICE/ATTORNEY GENERAL, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Gloria Maria Montoya Santiago (Ramirez) – *Pro Se* Plaintiff

May 16, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On March 31, 2025, Plaintiff Gloria Maria Montoya Santiago (Ramirez) initiated this civil action pro se, alleging civil claims against Defendants, whom Plaintiff identifies as follows: (1) State of Maryland Governor's Office/ Attorney General; (2) State of Virginia (plus) DOCs/BOP; (3) Pennsylvania-Delaware-Elkton Housing; and (4) Mayor's office of Washington D.C./City Hall. (*See* D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.      BACKGROUND**

According to the civil cover sheet submitted with the Complaint, this case raises claims related to immigration actions, administrative decisions, and personal injury torts. (D.I. 2-2). The following facts are taken from the Complaint and assumed to be true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Between 1981 and 2089, in Delaware, New Jersey, Pennsylvania, Maryland, and New York, a series of events occurred, which are difficult to follow and do not appear related. (D.I. 2 at 4). In 2005, Plaintiff was gang raped by members of the Montgomery County, Maryland Police Department, and on other unspecified dates, other identified third parties (including Plaintiff's deceased roommate) were also raped, or otherwise put at risk, by public officials, law enforcement, or members of the military. (*Id.* at 3-5). Plaintiff also witnessed other misconduct by public figures and officials, including the former Presidents of Ghana and the United States, Jerry Rawlings and Bill Clinton. (*Id.* at 5). This misconduct possibly involved universities, such as Yale, and nonprofit organizations, such as the YMCA. (*Id.* at 6). Additionally, Plaintiff has been involved in a "paternity dispute with Filipino military police officers," she obtained a Canadian nutritionist license, and she has been deported to Cuba five times. (*Id.* at 4-5). Plaintiff sustained injuries from the foregoing in the form of broken hips, knee dislocation, genital injury

1

or infection, and other harms involving an alleged shooting and "illegal dumping of abortion specimens" that are difficult to follow. (*Id.* at 7). Plaintiff seeks at least $4 billion in money damages, a new passport, and other relief that is difficult to follow involving contaminated produce. (*Id.*).

Attached to the Complaint are unrelated documents, including the following: receipts from Walmart and la Madeleine; medical bracelets, prescriptions, laboratory test results, and other medical records; business cards from a variety of restaurants, service providers, and other businesses; a handwritten note titled "Deceased Roommates"; IRS tax and identity theft forms; a DHL Express shipment form; a solicitation for donations from Christiana Care Health System; an inmate telephone ID number release form; a request form for a multiple-entry temporary visitor visa to Japan; contact information for Stafford County, Virginia General District Court employees; informational materials for the Delaware library Affordable Connectivity Program, the Delaware public transit system, and the loss of Medicaid or CHIP; and flyers for Gabe's, Spice Kraft Indian Bistro, and AblePay. (D.I. 2-1).

## II.     DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to her, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), because it is clearly frivolous and fails to state a claim. A thorough review of the allegations in the Complaint (D.I. 2) and the documents submitted in support (D.I. 2-1) reveals no possibility of any viable and timely claim before this Court. As such, amendment is futile, and this case will be closed.

### III.   CONCLUSION

For the above reasons, the Court will dismiss with prejudice the Complaint (D.I. 2), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

An appropriate Order will be entered.